IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ETHAN LOFTON by and through
VEDA LEARY as GUARDIAN OF ETHAN LOFTON            PLAINTIFF


V.                          CAUSE NO. 5:22-cv-00052-DCB-RHWR


FRANKLIN COUNTY, MISSISSIPPI;
AMITE COUNTY MISSISSIPPI; JOHN DOES 1-10         DEFENDANTS


MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Motion to Dismiss [ECF No. 9] under Federal Rule of Civil Procedure 12(b)(6), which was filed by Franklin County, Mississippi ("Franklin County") and joined by Amite County, Mississippi ("Amite County"; Franklin County and Amite County are referred to collectively as, "Defendants").  See Joinder, [ECF No. 14].  In his Complaint [ECF No. 1], Ethan Lofton, by and through Veda Leary as Guardian of Ethan Lofton ("Plaintiff"), alleges that Defendants, jointly and severally: (i) violated 42 U.S.C. § 1983[1] by depriving him of

---

[1] Plaintiff's Memorandum In Support of his Response to Defendant Franklin County's Motion to Dismiss, [ECF No. 17], states that: "Due to the textual inaccuracy of 42 U.S.C. § 1983, the Plaintiff instead cites the Enforcement Act of 1871 as passed by Congress and signed into law by President Grant in April of 1871 … ."  Plaintiff cannot switch the statutory basis for his claim, as expressly stated in his Complaint, in subsequent briefing.

his rights under the Eighth and Fourteenth Amendments to the United States Constitution and under unnamed provisions of the Mississippi State Constitution (Count I); (ii) conspired to interfere with his civil rights under 42 U.S.C. § 1985(3) (Count II); (iii) intentionally inflicted emotional distress in violation of Mississippi state law (Count III); and (iv) negligently inflicted emotional distress in violation of state law (Count IV). Having reviewed the issues, the parties' submissions, and applicable law, the Court finds as follows:

I.

BACKGROUND

According to the Complaint, officers of the Franklin County, Mississippi Sheriff's Department awakened Plaintiff at a residence within Franklin County on November 8, 2021, and arrested him for the possession of Schedule II narcotics. [ECF No. 1] ¶ 8.1. Plaintiff was booked and charged in Franklin County. Id. ¶ 8.2. After Plaintiff made an initial appearance before the Franklin County Justice Court, the Franklin County Sheriff's Office delivered him into the custody of the Amite County Sheriff's Office, where he was held at the Amite County jail. Id. ¶ 8.3-.4.

---

The Court will therefore disregard arguments in Plaintiff's briefing that attempt to do so.

While in the jail, Plaintiff alleges that he was severely beaten by four inmates.  Id. ¶ 8.4.  Plaintiff's friend, Jamie Sue Newell, received a phone call from an inmate inside the Amite County Jail, who advised her that Plaintiff had been beaten and injured.  Id.  Ms. Newell called her mother, Amanda Cupit Mabry, and Ms. Mabry alerted the jail staff.  Id.  The Complaint alleges that the jail staff was not cooperative and that the staff told Ms. Mabry that Plaintiff simply fell from a bunk bed.  Id.  The Complaint further alleges that the staff did nothing to "assist [Plaintiff] in a timely manner thereafter." Id.  Ms. Mabry called Lincoln County 911 from her Lincoln County residence and requested that an ambulance be sent to the Amite County Jail.  Id.  An ambulance and Plaintiff's brother, who had driven to the Amite County Jail from his residence in Lincoln County, arrived at the jail at the same time.  Id.  Plaintiff was transported to Southwest Regional Medical Center in McComb, Mississippi.  Id.

Because Plaintiff had suffered traumatic brain injuries, he was airlifted from Southwest Regional Medical Center to Forrest General Hospital in Hattiesburg, Mississippi, for more specialized care.  Id. ¶ 9.  Plaintiff underwent surgery to correct his brain bleeds, and he remained in intensive care for three weeks.  Id.  He still was seeking care at Forest General Hospital when his guardian filed the Complaint.  Id.

3

Regarding his injuries, Plaintiff alleges that: portions of his skull were removed and cannot be replaced; he suffered multiple brain bleeds; he requires extensive speech and physical rehabilitation; he requires the oversight of other persons in order to walk; he cannot speak and communicates in writings on a chalkboard; and he needs constant nursing care and hospital supplies.  Id.  The Lincoln County Chancery Court decree that approved Plaintiff's guardianship states: "[T]he medical professionals of the Ward have found that he is not able to manage his own affairs."  [ECF No. 1-1] ¶ II.  Plaintiff seeks actual or compensatory damages, punitive[2] or exemplary damages, attorneys' fees, and requests that Plaintiff be declared a ward of Franklin and Amite Counties, with the counties being jointly and severally responsible for his future medical care and other damages.  Id. ¶ 25.

II.
STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  E.g., Heinze v. Tesco Corp., 971 F.3d 475,

---

[2] Defendants ask the Court for a ruling on Plaintiff's punitive damage claim.  E.g., [ECF No. 10] at 18.  Given the Court's disposition herein of the Motion to Dismiss, such a ruling would be premature at this time.

479 (5th Cir. 2020); Martin K. Eby Constr. Co. v. Dallas Area
Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); McCoy v.
Defs., Inc., No. 3:17-cv-207-DCB-LRA, 2017 WL 6329600, at *2
(S.D. Miss. Dec. 11, 2017);  Franklin v. N. Cent. Narcotics Task
Force, No. 5:15-cv-120-DCB-MTP, 2016 WL 7378215, at *2 (S.D.
Miss. Dec. 20, 2016).  However, the Court is not required to
credit "mere conclusory statements" or "threadbare recitals of
the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (citing  Bell Atl. Corp. v. Twombly, 550 U.S.
544, 555 (2007).  "To survive a motion to dismiss, a complaint
must contain sufficient factual matter ... to 'state a claim to
relief that is plausible on its face.'"  Id. at 678
(quoting Twombly, 550 U.S. at 570).  A claim is facially
plausible "when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged."  Id. (citing Twombly, 550
U.S. at 556).  The factual allegations in a complaint must be
enough to raise the right to relief above the speculative
level.  E.g., Twombly, 550 U.S. at 555; In re Great Lakes Dredge
& Co., 624 F.3d 201, 210 (5th Cir. 2010).

III.

ANALYSIS

A.  42 U.S.C. § 1983 – Count I.

Plaintiff claims that Defendants, jointly and severally, deprived him of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and under unnamed "corresponding sections of the Constitution and Code of the State of Mississippi …". [ECF No. 1] ¶¶ 12-17; 25.  In his Complaint and briefing in response to the Motion to Dismiss, Plaintiff suggests that Defendants committed a wide variety of constitutional violations including  failures to: hire, train, and supervise staff; provide peer review of staff; repair jails; and provide a reasonably safe environment. [ECF No. 1]; [ECF No. 17].  Plaintiff further suggests that Defendants delayed in providing needed medical care to him.  [ECF No. 1] ¶ 8.4; [ECF No. 17] ¶ 3.  Defendants counter generally that Plaintiff has failed to state a claim under Section 1983 because the Complaint pleads no viable constitutional claims against them and no official policy that caused Plaintiff's injuries.  [ECF No. 10] at 3-4; Howell v. Town of Ball, 827 F.3d 515, 527 (5th Cir. 2016) ("liability for constitutional torts arises when the execution of an official policy causes the plaintiff's injury").

As an initial matter, the Court agrees with Defendants that Plaintiff's reliance on the Eighth Amendment to the United

States Constitution is misplaced.  [ECF No. 10] at 5.  Pre-trial detainees, like Plaintiff, have no protections under the Eighth Amendment.  Such detainees are protected, rather, under the Due Process Clause of the Fourteenth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees.").[3] The Court will dismiss with prejudice any claims that Plaintiff seeks to assert under the Eighth Amendment to the United States Constitution.

Second, to the extent that Plaintiff intends to assert a Section 1983 claim based on violations of unidentified provisions of the Mississippi State Constitution or unspecified Mississippi Code sections, the Court will disregard all such references.  Plaintiff's intent in his Complaint with respect to

---

[3] As the Supreme Court further explained in Wolfish:

> Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment. … "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

Wolfish, 441 U.S. at 535 & n.16.

potential Mississippi law violations related to his Section 1983
claim is unclear to the Court.  [ECF No. 1] ¶¶ 17, 25.  In any
event, violations of non-federal laws cannot form a basis for
liability under Section 1983.  See, e.g., Collins v. City of
Harker Heights, 503 U.S. 115, 119 (1992) (finding
that § 1983 does not provide a remedy if there is no violation
of federal law); Pasco ex rel. Pasco v. Knoblauch, 566 F.3d 572,
579 (5th Cir. 2009).

The Court turns to Plaintiff's Section 1983[4] claim that is
based on alleged Fourteenth Amendment violations.  The United
States Supreme Court set forth the cornerstone of a Section 1983

---

[4]  42 U.S.C. § 1983 provides in full:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for
> redress, except that in any action brought against a
> judicial officer for an act or omission taken in such
> officer's judicial capacity, injunctive relief shall
> not be granted unless a declaratory decree was
> violated or declaratory relief was unavailable. For
> the purposes of this section, any Act of Congress
> applicable exclusively to the District of Columbia
> shall be considered to be a statute of the District of
> Columbia.

42 U.S.C.A. § 1983 (West).

analysis in <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978):

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

<u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694 (1978).  The Fifth Circuit has instructed district courts that, when ruling on a motion to dismiss a <u>Monell</u> claim such as this one:

> … a plaintiff must show that an official policy promulgated by a municipal policymaker was the moving force behind the violation of a constitutional right. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). And to get past the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation omitted).

<u>Henderson v. Harris Cnty., Texas</u>, 51 F.4th 125, 130 (5th Cir. 2022); <u>see also</u>, <u>e.g.</u>, <u>McClure v. Biesenbach</u>, 355 F. App'x 800, 804 (5th Cir. 2009);  <u>Jordan v. Gautreaux</u>, 593 F. Supp. 3d 330, 353-54 (M.D. La. 2022); <u>Moore as next friend of Z.S. v. Clarksdale Mun. Sch. Dist.</u>, No. 4:22-CV-42-DMB-JMV, 2022 WL 17420383, at *3 (N.D. Miss. Dec. 5, 2022); <u>Fickes v. Jefferson Cnty.</u>, 900 F.Supp. 84, 88 (E.D. Tx. 1995).

Defendants challenge Plaintiff's Monell claims for, among other reasons, the failure to plead an official policy that meets the requirements of Fifth Circuit precedent.  [ECF No. 10] at 4; [ECF No. 14] at 2; Howell v. Town of Ball, 827 F.3d 515, 527 (Cir. 2016) ("Under *Monell*, municipal liability for constitutional torts arises when the execution of an official policy causes the plaintiff's injury."); Hare v. City of Corinth, 74 F. 3d 633 (5th Cir. 1996) (en banc).

Plaintiff counters that he has more than adequately complied with Federal Rule of Civil Procedure 8.  [ECF No. 17] ¶2.  He also argues that the disciplinary records of Amite County law enforcement officials and records of inmate beatings are not public and can only be obtained through discovery.  Id. ¶ 4.  Plaintiff concedes that "evidence showing an unconstitutional custom or policy is proper at the summary judgment stage," but asserts, without citing any legal authority and without addressing the caselaw cited by Defendants, that such evidence is not appropriate at the pleading stage.  Id.

Having studied the Complaint, the Court finds that Defendants' challenges to its sufficiency are not without merit. For example, the Complaint alleges, in a conclusory manner:

> " … while acting under color of state law, these
> Defendants commenced to engage in a course of conduct
> and to implement a policy, custom, usage, plan,
> practice, and/or design wherein the rights,

> privileges, and immunities of Mr. Lofton were
> violated.
> . . .
> These Defendants, named and unnamed, deliberately
> and/or negligently implemented a policy, custom,
> usage, plan, practice and/or design wherein the right,
> privileges, and immunities of Mr. Lofton and other
> inmates were violated.  Upon information and belief,
> in the five years prior to Mr. Lofton's beatings,
> other individuals have been treated in a similar
> fashion by these Defendants.

[ECF No. 1] ¶¶ 13-14.  It is well-established that the Court is
not required to credit "mere conclusory statements" or
"threadbare recitals of the elements of a cause of
action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Also
relevant here is the admonition that "[a]lthough allegations may
be based upon information and belief, a complaint must set forth
a factual basis for such belief." Zamora-Garcia v. Moore, No.
CIV.A. M-05-331, 2006 WL 2663802, at *10 (S.D. Tex. Sept. 15,
2006)(citing U.S. ex rel. Doe v. Dow Chem. Co., 343 F.3d 325,
329 (5th Cir. 2003)).  On the face of this Complaint, the Court
is hard-pressed to discern the policy or custom on which
Plaintiff relies or its relationship to a clearly articulated
underlying constitutional violation.  In short, the Complaint is
lacking the necessary clarity and supporting factual allegations
to survive the Section 1983 pleading stage.

The Court is nonetheless mindful that "[p]etrial detainees have a constitutional right to medical care and protection from harm during their confinement." Brumfield v. Hollins, 551 F.3d 322, 327 (5th Cir. 2008) (relying on Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir.1996) (en banc)); see also Perez v. Anderson, 350 F. App'x 959, 960 (5th Cir. 2009)(citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)); Watts v. Warren Cnty., Mississippi, No. 3:18-CV-879-DPJ-FKB, 2021 WL 2446186, at *2 (S.D. Miss. June 15, 2021). The Court also is aware that Plaintiff has not previously amended his Complaint and that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Therefore, notwithstanding the expiration of the deadline to amend pleadings as stated in the Case Management Order [ECF No. 27], Plaintiff will be permitted an opportunity to seek leave to amend Count I of the Complaint, subject to compliance with the Court's instructions at the end of this Memorandum Opinion.

B.   42 U.S.C. § 1985(3) – Count II.

Section 1985(3) prohibits conspiracies that deprive, "either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).[5]   To

---

[5] Section 1985(3) provides in full:

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985 (West).

state a claim under Section 1985(3), Plaintiff must allege: (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, and (3) an act in furtherance of the conspiracy, (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983); Hilliard v. Ferguson, 30 F.3d 649, 652-653 (5th Cir. 1994).  In addition, some Fifth Circuit decisions require that the conspiracy be motivated by racial animus.  E.g., Lockett v. New Orleans City, 607 F.3d 992, 1002 (5th Cir. 2010) ("Additionally, the conspiracy must also have a racially based animus."); Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000) ("In this circuit, we require an allegation of a race-based conspiracy. … For that reason, Bryan's § 1985(3) claim fails.").  Others hold that the conspiracy must be racially based or in some other way class based.  E.g., Galloway v. State of La., 817 F.2d 1154, 1159 (5th Cir. 1987) ("It is well-settled law that the discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based."); see discussions in Cervini v. Cisneros, 593 F. Supp. 3d 530, 536-37 (W.D. Tex. 2022); Miller v. Wills, No. 1:07CV541 LG-JMR, 2010 WL 3036491, at *5 (S.D.

14

Miss. July 29, 2010).  To assert a conspiracy claim properly and survive a Rule 12(b)(6) motion, plaintiffs "must plead the operative facts upon which their claim is based.  Bald allegations that a conspiracy existed are insufficient." Lynch v. Cannatella, 810 F.2d 1363, 1369-1370 (5th Cir. 1987).

With these basics in mind, the Court finds that Plaintiff's Complaint fails to set forth the operative facts of a Section 1985(3) conspiracy.  The Court is at a loss to envision exactly what the alleged conspiracy between these Defendants might be. There is no allegation in the Complaint of a race-based, or even a class-based, conspiracy.  In addition, given Plaintiff's failure to mention his conspiracy claim or address Defendants' arguments in his responses to the Motion to Dismiss and Joinder, [ECF Nos. 16, 17 & 20], the Court questions whether Plaintiff has abandoned his alleged conspiracy claim under Section 1985(3).  Black v. N. Panola Sch. Dist., 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment."); Magee v. Life Ins. Co. of N. Am., 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("[F]ailure to brief an argument in the district court waives that argument in that court."); Watts v. Warren Cnty., Mississippi, No. 3:18-CV-879-DPJ-FKB, 2021 WL 2446186, at *2 (S.D. Miss. June 15, 2021) (because plaintiff never addressed defendant's arguments, claim was deemed abandoned and

dismissed).   The Court concludes that the conspiracy claim in Count II warrants dismissal; however, as with the Section 1983 claim (Count I), Plaintiff will be given an opportunity to seek leave to amend his Section 1985(3) claim, subject to the Court's instructions below.

C.   State Law Claims - Counts III and IV.

In Count III, Plaintiff asserts a state law tort claim for the intentional infliction of emotional distress and, in Count IV, one for the negligent infliction of emotional distress. [ECF No. 1] at 11-12.   Defendants argue in opposition that the state law tort claims are subject to the Mississippi Tort Claims Act, § 11-46-1 et seq. (referred to herein as the "MTCA"), "which provides the exclusive remedy for such claims against a governmental entity under state law." [ECF No. 10] at 13-18; see also [ECF No. 14] at 4-7.   The MTCA affirms the sovereign immunity of the state of Mississippi and its political subdivisions (Miss. Code Ann. § 11-46-3) but nonetheless provides for a limited waiver of this statutory immunity and permits only certain types of claims against governmental entities such as Franklin County and Amite County.   Miss. Code Ann. § 11-46-5 (Supp. 2001); Liggans v. Coahoma Cnty. Sheriff's Dep't, 823 So. 2d 1152, 1154 (Miss. 2002).   Currently listed in Section 11-46-9(1) of the MTCA are twenty-five (25) exemptions

16

from the statutory waiver of sovereign immunity for a
governmental entity and its employees who are "acting within the
course and scope of their employment or duties."  See note 5
below for the text of § 11-46-9(1) in relevant part.

According to Defendants, they are shielded from liability
for all of Plaintiff's state tort claims under seven (7) of the
exemptions listed in Section 11-46-9(1), and primarily under the
"inmate exception" in Miss. Code Ann. § 11-46-9(1)(m).[6]  Under

---

[6]  In addition to the inmate exception, Defendants argue that all
of the following exemptions from the MTCA's waiver of sovereign
immunity shield them from liability for Plaintiff's state law
tort claims:

 **§ 11-46-9. Governmental entities and employees; exemption from
liability**

(1) A governmental entity and its employees *acting within the
course and scope of their employment or duties* shall not be
liable for any claim:

(a) Arising out of a legislative or judicial action or inaction,
or administrative action or inaction of a legislative or
judicial nature;

(b) Arising out of any act or omission of an employee of a
governmental entity exercising ordinary care in reliance upon,
or in the execution or performance of, or in the failure to
execute or perform, a statute, ordinance or regulation, whether
or not the statute, ordinance or regulation be valid;

(c) Arising out of any act or omission of an employee of a
governmental entity engaged in the performance or execution of
duties or activities relating to police or fire protection
unless the employee acted in reckless disregard of the safety
and well-being of any person not engaged in criminal activity at
the time of injury;

the inmate exception, governmental entities and their employees

have immunity for any claims filed by an inmate of any

"detention center, jail, workhouse, penal farm, penitentiary, or

other such institution …".  Id.  Mississippi courts have

construed the term "inmate" to include pretrial detainees

awaiting booking and individuals awaiting bonding out.  Hinds

County v. Burton, 187 So. 3d 1016 (Miss. 2016);  Love v.

Sunflower County Sheriff's Dept., 860 So. 2d 797, 800 (Miss.

2003); Smith v. State, 275 So. 3d 100 (Miss. Ct. App. 2019);

---

(d) Based upon the exercise or performance or the failure to
exercise or perform a discretionary function or duty on the part
of a governmental entity or employee thereof, whether or not the
discretion be abused; . . .

(g) Arising out of the exercise of discretion in determining
whether or not to seek or provide the resources necessary for
the purchase of equipment, the construction or maintenance of
facilities, the hiring of personnel and, in general, the
provision of adequate governmental services; . . .

(m) Of any claimant who at the time the claim arises is an
inmate of any detention center, jail, workhouse, penal farm,
penitentiary or other such institution, regardless of whether
such claimant is or is not an inmate of any detention center,
jail, workhouse, penal farm, penitentiary or other such
institution when the claim is filed; . . .

(t) Arising out of any loss of benefits or compensation due
under a program of public assistance or public welfare; . . .

Miss. Code. Ann. § 11-46-9(1)(a),(b),(c),(d),(g),(m),(t)
(emphasis added). In the Motion to Dismiss [ECF Nos. 9 & 10] and
the Joinder [ECF No. 14], Defendants only argue immunity under
the MTCA and only with respect to the state law tort claims.

Harvison v. Greene County Sheriff Dept., 899 So. 2d 922, 925
(Miss. Ct. App. 2005).

    In his opposition briefs, [ECF Nos. 16, 17, 20], Plaintiff
has not addressed Defendants' immunity arguments under the MTCA
and fails to mention directly either of his state law tort
claims or the MTCA.  Plaintiff's silence suggests to the Court
that Plaintiff has abandoned these claims and dismissal may be
appropriate on that basis alone.  See cases cited supra at pages
14-15 of this opinion (i.e.,  N. Panola Sch. Dist., 461 F.3d at
588 n.1; Magee, 261 F. Supp. 2d at 748 n.10; Watts, 2021 WL
2446186, at *2); see also Vidrine v. Guillot, No. 21-30203, 2022
WL 3544396, at *2 (5th Cir. Aug. 18, 2022) ("A party
inadequately briefs an argument when it fails to 'offer any
supporting argument or citation to authority' or to 'identify
relevant legal standards and any relevant Fifth Circuit
cases.'"); Moore as next friend of Z.S., 2022 WL 17420383, at *7
(motion denied because movant failed to adequately brief state
law and due process claims); Garig v. Travis, Civ. A. No. 20-
654-JWD-RLB, 2022 WL 2962958, at *9 (M.D.La. July 11, 2022)
(alleged claims against state police and sheriff defendants
subject to dismissal because "Plaintiff failed to meaningfully
oppose'" motions to dismiss on the issue of immunity); Burton v.
Comm's of Social Security, No. 3:20-cv-266, 2021 WL 3674472, at
*2 n.11 (N.D. Miss. Aug. 18, 2021) ("[F]ailure to brief an

argument in the district court waives that argument in that court.").

In any event, the Court agrees with Defendants that Plaintiff's claim for negligent infliction of emotional distress (Count IV) is barred from suit under the inmate exception in Section 11-46-9(1)(m).  Courts consistently construe this provision to provide immunity in cases of negligent, non-intentional conduct.  Lee v. Thompson, 859 So. 2d 981, 987 (Miss. 2003) ( … "[T]here is no doubt that the jail inmate provisions of the MTCA apply in this case as to any non-intentional/non-criminal acts alleged to have been committed upon inmate Lawson by the Sheriff and/or his deputies while in the course and scope of their employment with Coahoma County."); Liggans v. Coahoma County Sheriff's Dep't, 823 So.2d 1152, 1154–56 (Miss.2002); Wallace v. Town of Raleigh, 815 So.2d 1203, 1207–09 (Miss.2002).  Because MTCA immunity applies under the inmate exception, the claim for negligent infliction of emotional distress (Count IV) will be dismissed with prejudice.

Plaintiff's claim for the intentional infliction of emotional distress (Count III) alleges "reckless, intentional, and … outrageous" conduct.  [ECF No. 1] at ¶ 22.  Although Count III arguably lacks specific factual allegations to support this statement, the claim may be predicated on malicious conduct and

therefore merits a deeper examination under the MTCA immunity provisions.  A panel of the United States Court of Appeals for the Fifth Circuit has explained that under the MTCA, "[a] governmental employee who commits a tort with malicious intent, or a tortious offense constituting a criminal offense other than a traffic violation, may be held personally liable for that act, **and the governmental entity employing him or her is absolved of liability**." Green v. City of Moss Point, Miss., 495 Fed.Appx. 495, 500 (5th Cir. 2012) (citing Miss. Code § 11-46-5(2)) (emphasis added); see also discussions regarding different treatment of non-intentional versus malicious conduct for the purposes of MTCA immunity in, e.g., Thompson, 859 So.2d at 987; Lee v. Jackson Cnty., Mississippi, No. 1:13CV441-HSO-RHW, 2014 WL 11514946, at *4-5 (S.D. Miss. Aug. 8, 2014); Miller, 2010 WL 3036491, at *5.

On the face of this Complaint, the Court is at a loss to determine with any confidence exactly what Plaintiff means to allege factually with respect to his claim for the intentional infliction of emotional distress.  Given the ambiguous references in the Complaint to multiple defendants, including the unnamed "John and Jane Does 1-10", the Court simply does not know who allegedly did what to whom and who may or may not have committed malicious, as opposed to negligent, conduct.  Is Plaintiff alleging that unnamed county employees committed a

tort with malicious intent; or is his allegation that one or
both of the county Defendants -- and not their respective
employees -- intentionally inflicted emotional distress on
Plaintiff; or does the claim encompass some combination of all
of these?  The Court further finds that the elements of
Mississippi's tort of the intentional infliction of emotional
distress[7] are not adequately supported by factual allegations in
the Complaint that would permit the Court to draw a reasonable
inference that the county Defendants are liable for the alleged
tort.  In sum, it appears to the Court at this juncture that
dismissal of Count III is appropriate (i) for Plaintiff's
apparent abandonment of the claim, (ii) for the claim's failure

---

[7] Under Mississippi law, a plaintiff who asserts a claim for the
intentional infliction of emotional distress must show that:

(1) the defendant acted willfully or wantonly towards plaintiff
by committing certain described actions;

(2) the defendant's acts are ones which evoke outrage or
revulsion in civilized society;

(3) the acts were directed at or intended to cause harm to
the plaintiff;

(4) the plaintiff suffered severe emotional distress as a direct
result of the defendant's acts; and

(5) such resulting emotional distress was foreseeable from the
intentional acts of the defendant.

Smith v. City of McComb, Mississippi, No. 5:15-CV-55-DCB-MTP,
2017 WL 3687334, at *6 (S.D. Miss. Aug. 25, 2017).

to survive a Rule 12(b)(6) analysis under Iqbal/Twombley
(see Part II supra), and (iii) subject to clarification, for
MTCA immunity with respect to the county Defendants.  However,
given the absence of any prior amendment to the Complaint,
Plaintiff will be given an opportunity to seek leave to amend
his intentional infliction of emotional distress claim, subject
to compliance with the Court's instructions.

IV.

CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Franklin County's Motion to
Dismiss [ECF No. 9], as joined by Amite County [ECF No. 14], is
GRANTED as follows:

1.  Plaintiff's claims under the Eighth Amendment to the
United States Constitution are dismissed with prejudice.

2.  Plaintiff's claims against Franklin County and Amite
County under 42 U.S.C. § 1983 (Count I) are dismissed without
prejudice, subject to Plaintiff's amendment of the Complaint in
compliance with the Court's order below.

3.  Plaintiff's claims against Franklin County and Amite
County under 42 U.S.C. § 1985(3) (Count II) are dismissed
without prejudice, subject to Plaintiff's amendment of the
Complaint in compliance with the Court's order below.

4. Plaintiff's claims against Franklin County and Amite County for the intentional infliction of emotional distress (Count III) are dismissed without prejudice, subject to Plaintiff's amendment of the Complaint in compliance with the Court's order below.

5. Plaintiff's claims against Franklin County and Amite County for the negligent infliction of emotional distress (Count IV) are subject to immunity under the Mississippi Tort Claims Act and are dismissed with prejudice.

IT IS FURTHER ORDERED that, given that there has been no prior amendment of the Complaint, the Court will permit Plaintiff, notwithstanding the expiration of the deadline to amend pleadings as set forth in the Case Management Order [ECF No. 27], as amended by text order dated 12/20/2022, the opportunity to file a properly supported motion seeking leave to amend the Complaint solely with respect to the claims dismissed above without prejudice. Plaintiff's motion to amend must comply with all applicable federal and local rules, including, without limitation, a demonstration of good cause in accordance with Federal Rule of Civil Procedure 16(b)(4) and the attachment of a proposed "First Amended Complaint" as required by Local Rule 7(b)(2). Any such motion to amend must be filed within ten (10) days of the entry of this Memorandum Opinion and Order. If Plaintiff elects to file such a motion, Defendants shall have an

opportunity to oppose it and shall file their respective responses no later than ten (10) days from the filing of Plaintiff's motion to amend.  Should Plaintiff fail to seek leave to amend, or if the Court determines that Plaintiff's proposed amendment would be futile in whole or in part, the claims dismissed without prejudice herein will be dismissed with prejudice, which may result in dismissal of this case.

SO ORDERED, this the 14th day of February 2023.

/s/  David Bramlette
UNITED STATES DISTRICT JUDGE